**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4760**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ANTEDIOUS STOWE,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:07-cr-00108-RJC-1)

Submitted:  May 19, 2010          Decided:  June 15, 2010

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua D. Davey, MCGUIREWOODS LLP, Charlotte, North Carolina,
for Appellant.  Amy E. Ray, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antedious Stowe pled guilty, pursuant to a plea agreement, to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in refusing to allow Stowe to withdraw his guilty plea, and erred in finding that Stowe qualified as a career offender, but contending there are no meritorious issues on appeal. Stowe has filed a pro se supplemental brief and the Government has elected not to file a brief.[*] We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "A defendant has no absolute right to withdraw a guilty plea . . . after a district court has accepted the plea." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks and citation omitted). Once the district court has

---

[*] Though Stowe waived his right to appeal his sentence in the plea agreement, the Government fails to assert the waiver as a bar to the appeal. Accordingly, we consider the issues raised in the Anders brief and conduct an Anders review. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

accepted a defendant's guilty plea, it is within the court's discretion whether to grant a motion to withdraw it. See United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). The defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). After reviewing the record, we find that Stowe did not expressly move to withdraw his guilty plea. Therefore, this issue is without merit.

Stowe's counsel next challenges the district court's determination that Stowe qualified as a career offender. We review such questions for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007). Under USSG § 4B1.1(a),

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

For purposes of § 4B1.1(a), a crime of violence is defined as an offense under federal or state law punishable by an imprisonment term of one year or more that: "(1) has as an element the use, attempted use or threatened use of physical force against the

person of another, or (2) is burglary of a dwelling or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). A controlled substance offense is defined as a federal or state offense that is punishable by an imprisonment term of one year or more "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). After reviewing the record, we find that the district court correctly classified Stowe as a career offender.

We have reviewed the issues raised in Stowe's pro se supplemental brief and find them to be without merit. In accordance with Anders, we have reviewed the entire record and have not found any meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts

4

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED